**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHNSON & JOHNSON VISION
CARE, INC.,

        Plaintiff,

vs.

Case No. 3:03-cv-800-J-99TEM
Case No. 3:04-cv-1297-J-32TEM
Case No. 3:05-cv-135-J-32TEM

CIBA VISION CORPORATION,

        Defendant.

## ORDER

In connection with the motion for temporary restraining order in case 3:05-cv-135-J-23TEM, plaintiff Johnson & Johnson Vision Care, Inc. ("J&J"), and defendant CIBA Vision Corporation ("CIBA") filed several memoranda and exhibits under seal, asserting that the documents are confidential pursuant to the terms of the agreed protective order in case 3:03-cv-800-J-99TEM. I allowed the documents to remain sealed on a provisional basis pending the parties' listing reflecting which documents should remain sealed and particularized reasons therefor.[1] At this point, the parties have submitted their lists, together with a

---

[1] The agreed protective order states, "Any party seeking to file confidential information in the case under seal, for whatever reason, must first obtain Court approval. The motion for leave of Court shall generally describe the confidential material and set forth the necessity for its receipt under seal. Only after the Court

statement asking me to apply the Fed.R.Civ.P. 26(c) "good cause" standard for sealing documents articulated in Chicago Tribune Co. v. Bridgestone/ Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001), rather than the more stringent standard articulated in Brown v. Advantage Eng'g, Inc., 960 F.2d 1013 (11th Cir. 1992).

I agree with the parties that the "good cause" standard applies. The "good cause" standard requires me to: (1) determine whether the parties have presented valid grounds for sealing; and (2) balance the public's interest in access against the parties' interest in confidentiality. In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F.Supp.2d 1353, 1366 (N.D. Ga. 2002). In undertaking this balancing, I am mindful that a party's calling a document confidential pursuant to a protective order "does not make it so." Id. at 1362. "[C]onsensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'" Id.[2]

---

rules that such information may be received under seal may the confidential material be filed. ..." (Doc. 81 ¶ 6.) The Court overlooked the parties' noncompliance with this provision given the momentum of the motion for temporary restraining order.

[2] "'[The court is] the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal. ... [It] may not rubber stamp a stipulation to seal the record.'" Stalnaker v. Novar Corp., 293 F.Supp.2d 1260, 1263-64 (M.D. Ala. 2001)(quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir.1999)).

Applying the "good cause" standard to the documents the parties wish to remain sealed, it is hereby **ORDERED**:

1.  The following documents filed in case 3:05-cv-135-J-23TEM and listed on Johnson & Johnson's Statement Regarding Documents Filed Under Seal (Doc. 97-2) and CIBA Vision Corporation's Statement Regarding The Maintenance of Documents Under Seal (Doc. 97-3) shall remain sealed:

| **Docket[3]** | **Document Description** |
|---|---|
| S-2, App., Vol. 1, Tab 1 | Claim construction briefing from CIBA v. Bausch & Lomb case |
| S-7, App., Vol. 4, Tab 2 | J&J Submission to U.S. Food & Drug Administration ("FDA") |
| S-8 | Non-public Version of J&J's Memorandum in Opposition to CIBA's Motion for Temporary Restraining Order |
| S-9, App., Vol. 1, Tab 1 | Non-public Version of Declaration of David C. Turner, Ph.D, J&J Manager Polymer Science |
| S-9, App., Vol. 1, Tab 4 | Declaration of Peter Valenti, J&J Vice President, Marketing – U.S. |
| S-11, App., Vol. 3, Tab 18 | Settlement Agreement between and Among Novartis AG, CSIRO and Bausch & Lomb ("B&L") |
| S-11, App., Vol. 3, Tab 20 | CIBA's Opposition to B&L's Motion for Summary Judgment Pursuant to § 102(g) from B&L case |
| S-11, App., Vol. 3, Tab 21 | License Agreement Between & Among CIBA Vision AG and B&L |

---

[3] The provisionally sealed documents were given a designation of "S" followed by numbers reflecting the order in which they were filed.

| S-12, App., Vol. 4, Tab 33 | CIBA's Opening Brief on Claim Construction from B&L case |
|---|---|
| S-12, App., Vol. 3, Tab 40 | Declaration of Patricia Christian, J&J Senior Director, Regulatory & Clinical Affairs for J&J |
| S-12, App., Vol. 3, Tab 40, Tab B | July 11, 2005, 1:00 p.m. phone log reflecting minutes of telephone conference between J&J and FDA |
| S-12, App., Vol. 3, Tab 40, Tab C | July 11, 2005, 3:30 p.m. phone log reflecting minutes of telephone conference between J&J and FDA |
| S-13 | Non-Public Version of CIBA Vision Corporation's Reply |
| S-14, Supp. App., Ex. 1 | Excerpts of Deposition of Robert Steffen regarding J&J's submission to FDA |
| S-14, Supp. App., Ex. 2 | Declaration of Jeffrey B. Cohen, CIBA Vice President Marketing, North America |
| S-14, Supp. App., Ex. 3 | Declaration of Robin Terrell, CIBA Head of Program Management Office |

2.  All other documents that have been provisionally sealed in case 3:05-cv-135-J-23TEM shall be unsealed by the Clerk.

**DONE AND ORDERED** at Jacksonville, Florida on September 27, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

p.

Copies to:

Honorable Thomas E. Morris, United States Magistrate Judge
Counsel of record